**FILED**
2022 Oct-17  PM 02:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF ALABAMA

## SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| **vs.** | ) **Case No: 2:22-cr-00184-ACA-SGC** |
| | ) |
| **CHASE TRISTIAN ESPY** | ) |

## PLEA AGREEMENT

The Government and the defendant, **CHASE TRISTIAN ESPY,** hereby acknowledge the following plea agreement in this case:

## PLEA

The defendant agrees to (i) plead guilty to Count Two of the Indictment filed in the above-numbered and -captioned matter; (ii), pay restitution of no less than $3,000 per victim; and (iii) waive certain rights to direct appeal and collateral attack as outlined in section **IV** of this agreement.  In exchange, the United States Attorney, acting on behalf of the Government and through the undersigned Assistant United States Attorney, agrees to dismiss Count One at the time of sentencing and recommend the disposition specified below, subject to the conditions in section **VII**.

Defendant's Initials _CTE_

## TERMS OF THE AGREEMENT

### I.   MAXIMUM PUNISHMENT

The defendant understands that the maximum statutory punishment that may be imposed for Possession of Child Pornography, in violation of Title 18 United States Code, Sections 2252A(a)(5)(B) and (b)(2) as charged in Count Two is:

A.   Imprisonment of not more than 20 years;

B.   A fine of not more than $250,000, or,

C.   Both A and B;

D.   Supervised release of not less than 5 years to no more than life; and

E.   Mandatory restitution in an amount to be determined by the Court but not less than $3,000 per victim;[1]

F.   Special Assessment Fee of $100.00 per count; and

G.   An AVAA Special Assessment Fee under 18 U.S.C. § 2259A of up to $17,000.[2]

### II.   FACTUAL BASIS FOR PLEA

The Government is prepared to prove, at a minimum, the following facts at the trial of this case:

---

1 Pursuant to 18 U.S.C. § 2259(b)(2)(B), the court shall "order restitution in an amount that reflects the defendant's relative role in the causal process that underlies the victim's losses, but which is no less than $3,000."

2 18 U.S.C. § 2259A(a)(2) provides that "[i]n addition to any other criminal penalty, restitution, or special assessment authorized by law, the court shall assess - ..." not more than $17,000 on any individual convicted of possession of child pornography.

Defendant's Initials _CTE_

On March 25, 2021, while acting in an online undercover capacity, a Homewood Police Department Detective (referred to as "UC") responded to an online advertisement posted on a certain social media app ("App-1")[3] by user "You_Top" which stated, "I wish my wife liked performing oral as much as I do." The UC and "You_Top" (later identified as Chase Tristian Espy) began a conversation through App-1.

During the communications, Espy stated to the UC that he enjoyed going down on his wife and then asked the age and sex of the UC. The UC informed Espy that he was a 15-year-old female. Espy then asked the UC, " Are you still a virgin? If you don't mind me asking..." and later stated, "you have no idea how much I'd love going down on a tight little pussy like yours." Espy continued the conversation and stated, "you just need to experience it with someone who very much knows what's he's doing" and then asked how the UC felt about, "Sucking dick".

Espy said that he lived in Vestavia and was serious about meeting for sexual purposes and sent the UC an image of his face. During the chats, Espy asked the UC questions related to school, e.g., the UC's school schedule, if school was remote or online, and asked if the UC was home alone during the day. Espy then stated, "depends on whether you want to invite me over or just fool around like sexting and

---

[3] The true identity of this social media application is known to the government, the defendant, and defense counsel.

Defendant's Initials _CTE_

stuff ha-ha." Espy then stated, "you know what I want. I want to go down on you and for you to go down on me."

Espy then asked the UC's name. The UC stated a name and Espy said his name was Chase. He also stated that he was 35 years old. Espy told the UC that he was married and asked if his age bothered the UC. The UC responded that it did not and asked Espy if the UC's age bothered him. Espy stated, "no your age doesn't bother me. You actually seem really mature."

Espy asked if they could move their conversation to Snapchat "once everyone in both our houses went to sleep." Both exchanged Snapchat usernames. Espy stated that his Snapchat username was "chespyonage".

The UC and Espy communicated some over Snapchat but also continued to communicate on App-1. Espy asked, "Would you want to meet at your house or somewhere nearby?" The UC asked Espy what all he was wanting to do, and he responded, "Make out... go down on each other", "I'd go down on you first of course. And make you cum...at least once."

Espy stated that he has a BMW, and they would have to use the passenger seat because he has "car seats in the back". Espy continued to go into detail about what he wanted to do to the UC, "Just imagine how tingly you'll feel when my lips are around your clit." Before the conversation ended for the night, Espy stated, "… So tease me with your pajamas... or night gown... or boy shorts... or panties." The

Defendant's Initials _CTE_

communication ended at that time with the discussion of meeting around 9:00 or 9:30 am the following morning, and Espy asked if the UC would be in trouble if her dad came home and she wasn't there. Espy ended the communication by sending the UC a picture of what appeared to be of himself in shorts with an erection. Later that night, the UC received a message on Snapchat from Espy which stated, "Hey [] You still up? Do you want to see a tease before bed?"

The next day, Espy advised he was unable to meet because of work issues and asked for a "raincheck". Also, Espy sent a Snapchat to the UC apologizing for not meeting. Espy stated to the UC, "I was hoping you'd at least let me see what I was missing" and asked what he could do to make it up to the UC. He stated, "well if you're into that sort of thing, I'm happy to sext and make you cum since I wasn't able to do it in person" and "But if not... flowers? Booze? You tell me lol". The communications on both Snapchat and App-1 continued from on or about March 25, 2021, to on or about May 21, 2021, the date the UC lost contact. The communications were usually sexual in nature.

An administrative subpoena was issued to App-1 to provide information pertaining to the account username "You_Top" and associated IP address logs. The results from App-1 included IP addresses associated with Espy's address in Vestavia, Alabama. An administrative subpoena was issued to Snapchat for the account information related to "chespyonage". The results from Snapchat included a

Defendant's Initials _CTE_

telephone number which was associated with Chase Tristian Espy, with his date of birth, residing at that same residence.   Agents reviewed the photo image attached to Espy's Alabama driver's license, and it appeared to be the same individual in the photo image sent to the UC.

On July 20, 2021, while conducting surveillance, law enforcement observed an individual leaving the Espy residence in Vestavia, Alabama, driving a black BMW. Law Enforcement visually identified the individual driving the vehicle as Espy.

On August 25, 2021, the Homewood Police Department's Special Investigations Unit arrested Espy at his residence on a state arrest warrant for Electronic Solicitation of a Child for Sex.  Espy was approached in his driveway and informed of the arrest warrant.  Espy's cell phone, a black Google smart phone, was seized from his pants pocket.  When the agent called the phone number associated with the accounts "You_Top" and "chespyonage", Espy's cell phone rang.

A state search warrant was obtained and executed on Espy's cell phone.  The chats with the UC was located on Espy's cell phone.  There were approximately 69 videos and four images of child sexual abuse material (CSAM) located on Espy's cell phone.  Within the CSAM videos and images, there were two involving toddlers, 20 depicting penetration, three depicting humiliation, and 29 involving masturbation. The total number of child sexual abuse material images for sentencing purposes is 5,178. A description of one of the videos is as follows:

Defendant's Initials _CTE_

The video depicted a prepubescent female seated and leaning against what appeared to be a white closet door.  She was nude from the waist down and her legs were spread at the knees.  A small white dog is between the child's legs licking her genital area.  The video is one minute 55 seconds in length.

A federal search warrant was obtained for Espy's Snapchat account.  The UC's Snapchat username was in Espy's contact list of his Snapchat account.

Google smart phones have been manufactured in China and northern Vietnam. Telephones and cellular telephones are instrumentalities of interstate commerce, even when they are used intrastate. *United States v. Evans*, 476 F.3d 1176, 1180-81 (11th Cir. 2007).  The Internet is an instrumentality of interstate commerce. *United States v. Hornaday*, 392 F.3d 1306, 1311 (11th Cir. 2004).

**The defendant expressly admits that he knowingly possessed child pornography.  The defendant hereby stipulates that the facts stated above are substantially correct and that the Court can use these facts in calculating the defendant's sentence.  The defendant further acknowledges that these facts do not constitute all of the evidence of each and every act that the defendant and/or any co-conspirators may have committed.**

CHASE TRISTIAN ESPY

Defendant's Initials _CTE_

## III.   RECOMMENDED SENTENCE

Subject to the limitations in section **VII** regarding subsequent conduct and pursuant to Fed. R. Crim. P. 11(c)(1)(B), the Government will recommend the following disposition:

A.   That the defendant be awarded a two (2) level reduction in the defendant's adjusted offense level, based upon the defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct. The Government agrees to make a motion pursuant to USSG §3E1.1(b) for an additional one-level decrease in recognition of the defendant's prompt notification to the Government of the intention to enter a plea of guilty. The Government may oppose any adjustment for acceptance of responsibility if the defendant: (1) fails to admit each and every item in the factual stipulation; (2) denies involvement in the offense; (3) gives conflicting statements about the defendant's involvement in the offense; (4) is untruthful with the Court, the Government, or the United States Probation Officer; (5) obstructs or attempts to obstruct justice prior to sentencing; (6) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (7) attempts to withdraw the defendant's plea of guilty for any reason other than those expressly enumerated in the "Waiver of Right to Appeal and Post-Conviction Relief" section of this Plea Agreement;

B.   That the defendant be remanded to the custody of the Bureau of Prisons and **incarcerated for a term consistent with the high end** of the advisory United States Sentencing Guideline range as calculated by the Court at the time of sentencing;

C.   That following the said term of imprisonment, the defendant be placed on **supervised release for a term of ten (10) years**, subject to the standard conditions of supervised release as set forth in U.S.S.G § 5D1.3, and to the following special conditions:

a.   That the defendant be required to be registered as a sex offender for the full term of his supervised release or for

the full term provided for under the law of the jurisdiction he chooses as his domicile, whichever is longer;

b.  That the defendant not have contact with any child under the age of 18, without the presence of an adult and approved in advance by the Probation Officer. This includes prohibiting the defendant from having any contact with any child by telephone or the Internet. The defendant shall immediately report any unauthorized contact with minor-aged children to the Probation Officer;

c.  That the defendant complete a sex offender evaluation, which may include periodic psychological, physiological, polygraph, and plethysmography testing at the direction of the Probation Officer;

d.  That the defendant participate and successfully complete an approved state-certified sex offender treatment program, including compliance with all lifestyle restrictions and treatment requirements of the program. The defendant shall allow reciprocal release of information between the Probation Officer and the treatment provider. The defendant shall contribute to the cost of treatment according to the defendant's ability to pay;

e.  That the defendant shall initially register with the state sex offender registration agency in Alabama according to Alabama state law, and shall also register with the state sex offender registration agency according to the law of any state in which the defendant resides, is employed, or is attending school. The defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update his registration information. The defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment; and

f.  That the defendant be prohibited from using any computer, or any other device, with Internet access, unless approved

Defendant's Initials __CTP__

in advance by the Probation Officer, or required for employment.  If approved by the Probation Officer, or required for employment, the defendant must allow the Probation Officer or designee to conduct random inspections, including retrieval and copying of data from any computer, and any personal computing device that the defendant possesses or has access to, including any internal or external peripherals.  This may require temporary removal of the equipment for a more thorough inspection.  The defendant shall not possess or use any data encryption technique or program.  According to the defendant's ability to pay, the defendant shall purchase and use such hardware and software systems that monitor the defendant's computer usage, if directed by the Probation Officer.

D.  That the defendant be required to pay restitution to all the victims of the defendant's crimes.  That restitution should be no less than $3,000 per victim;

E.  That the defendant be required to pay a fine in accordance with the sentencing guidelines should the Court determine that the defendant has the ability to pay a fine, said amount due and owing as of the date sentence is pronounced, with any outstanding balance to be paid in full by the expiration of the term of supervised release;

F.  That the defendant pay a special assessment of $100, said amount due and owing as of the date sentence is pronounced, and an additional special assessment fee of $5,000 per count of conviction, if he is non-indigent;

G.  That the defendant pay an AVAA special assessment fee in accordance with 18 U.S.C. § 2259A of up to $17,000;

H.  Should the Government learn that the defendant has sexually abused or assaulted any minor or committed any other crime of violence or if any other victim should come forward prior to the defendant's sentencing, this agreement will be considered **NULL AND VOID**.

Defendant's Initials _CTE_

IV.     **WAIVERS**

     A.     STATUTE OF LIMITATIONS WAIVER

**In consideration of the recommended disposition of this case, I, CHASE TRISTIAN ESPY, hereby understand, acknowledge, and agree that if this plea agreement is set aside for any reason, I will not assert any defense based on any applicable statute of limitations or the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*, that includes the passage of time from and including the date of this plea agreement until and including the date of entry of any order setting this plea agreement aside.**

     B.     RIGHT TO APPEAL AND POST-CONVICTION RELIEF

**In consideration of the recommended disposition of this case, I, CHASE TRISTIAN ESPY, hereby waive and give up my right to appeal my conviction and/or sentence in this case, as well as any fines, restitution, and forfeiture orders, the Court might impose.  Further, I waive and give up the right to challenge my conviction and/or sentence, any fines, restitution, forfeiture orders imposed or the manner in which my conviction and/or sentence, any fines, restitution, and forfeiture orders were determined in any post-conviction proceeding, including, but not limited to, a motion brought under 28 U.S.C. § 2255, and any argument that (1) the statute(s) to which I am pleading guilty is**

Defendant's Initials *CTE*

or are unconstitutional or (2) the admitted conduct does not fall within the scope of the statute(s).

The defendant reserves the right to contest in an appeal or post-conviction proceeding(s) the following:

1. Any sentence imposed in excess of the applicable statutory maximum sentence(s);

2. Any sentence imposed in excess of the Guidelines range determined by the Court at the time sentence is imposed; and

3. Ineffective assistance of counsel.

The defendant acknowledges that before giving up these rights, the defendant discussed the United States Sentencing Guidelines and their application to the defendant's case with the defendant's attorney, who explained them to the defendant's satisfaction. The defendant further acknowledges and understands that the Government retains its right to appeal where authorized by statute.

I, CHASE TRISTIAN ESPY, hereby place my signature on the line directly below to signify that I fully understand the foregoing paragraphs, and that I am knowingly and voluntarily entering into this waiver.

_____
CHASE TRISTIAN ESPY

Defendant's Initials _CTE_

## V.        UNITED STATES SENTENCING GUIDELINES

The defendant's counsel has explained to the defendant, that in light of the United States Supreme Court's decision in *United States v. Booker*, the federal sentencing guidelines are **advisory** in nature.  Sentencing is in the Court's discretion and is not required to be within the guideline range.  The defendant agrees that, pursuant to this agreement, the Court may use facts it finds by a preponderance of the evidence to reach an advisory guideline range, and the defendant explicitly waives any right to have those facts found by a jury beyond a reasonable doubt.

## VI.        AGREEMENT NOT BINDING ON COURT

The defendant fully and completely understands and agrees that it is the Court's duty to impose sentence upon the defendant and that any sentence recommended by the Government is **NOT BINDING UPON THE COURT,** and that the Court is not required to accept the Government's recommendation.  Further, the defendant understands that if the Court does not accept the Government's recommendation, the defendant does not have the right to withdraw the guilty plea.

## VII.        VOIDING OF AGREEMENT

The defendant understands that if the defendant (a) violates any federal, state, or local law or any condition of pretrial release after entering into this plea agreement, (b) moves the Court to accept a plea of guilty in accordance with, or pursuant to, the provisions of *North Carolina v. Alford*, 400 U.S. 25 (1970),

Defendant's Initials *CTE*

(c) tenders a plea of *nolo contendere* to the charges, (d) violates any other term of this plea agreement, and/or (e) does or says anything that is inconsistent with the acceptance of responsibility, the plea agreement will become NULL and VOID at the election of the United States, and the United States will not be bound by any of the terms, conditions, or recommendations, express or implied, which are contained herein.  Further, such election will not entitle the defendant to withdraw a previously entered plea.

## VIII.   OTHER DISTRICTS AND JURISDICTIONS

The defendant understands and agrees that this agreement **DOES NOT BIND** any other United States Attorney in any other district, or any other state or local authority.

## IX.   COLLECTION OF FINANCIAL OBLIGATION

In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the defendant agrees to:

- fully disclose all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party;

- promptly submit a completed financial statement to the United States Attorney's Office, in a form that it provides and as it directs;

- identify all assets over which the defendant exercises or exercised control,

Defendant's Initials _CTE_

directly or indirectly, within the past five years, or in which the defendant has or had during that time any financial interest;

- take all steps as requested by the Government to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant;

- undergo any polygraph examination the Government may choose to administer concerning such assets and to provide and/or consent to the release of the defendant's tax returns for the previous five years.

The defendant further agrees that the above information, as well as any of the defendant's financial statements and disclosures, will be complete, accurate, and truthful. Finally, the defendant expressly authorizes the United States Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

## X. AGREEMENT REGARDING RELEVANT CONDUCT AND RESTITUTION

As part of the defendant's plea agreement, the defendant admits to the above facts associated with the charges and relevant conduct for any other acts. The defendant understands and agrees that the relevant conduct contained in the factual basis will be used by the Court to determine the defendant's range of punishment under the advisory sentencing guidelines. The defendant admits that all of the crimes listed in the factual basis are part of the same acts, scheme, and course of conduct.

Defendant's Initials _CJE_

This agreement is not meant, however, to prohibit the United States Probation Office or the Court from considering any other acts and factors, which may constitute or relate to relevant conduct.  Additionally, if this agreement contains any provisions providing for the dismissal of any counts, the defendant agrees to pay any appropriate restitution to each of the separate and proximate victims related to those counts should there be any and waives objection to the inclusion of that restitution in any order issued by the Court.

## XI.   TAX, FORFEITURE AND OTHER CIVIL/ADMINISTRATIVE PROCEEDINGS

Unless otherwise specified herein, the defendant understands and acknowledges that this agreement does not apply to or in any way limit any pending or prospective proceedings related to the defendant's **tax liabilities**, if any, or to any pending or prospective **forfeiture** or other **civil** or **administrative** proceedings.

## XII.   IMMIGRATION STATUS

The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States.  Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which the defendant is pleading guilty.  The defendant's guilty plea and conviction make it practically inevitable and a virtual certainty that the defendant will be removed or deported from the United States if the defendant is

Defendant's Initials _CTE_

not a citizen of the United States.  Removal and other immigration consequences are the subject of a separate proceeding, however; and the defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status.  Understanding all of this, the defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that plea may entail, even if the consequence is automatic removal from the United States.

## XIII.    SEX-OFFENDER REGISTRATION

The defendant understands that by pleading guilty, defendant will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to Title 18 U.S.C. § 3583(d) and this Plea Agreement.   The defendant also understands that, independent of supervised release, he/she will be subject to federal and state sex-offender-registrant requirements, and that those requirements may apply throughout his life and may be initiated by the entering of his plea of guilty or a finding of guilt, regardless of whether a sentence has been imposed or adjudication has been withheld.  The defendant understands that he/she shall keep his registration current, shall notify the state sex-offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information.  The defendant shall comply with requirements to periodically verify in person his sex-offender

Defendant's Initials_____

registration information.  The defendant understands that he/she will be subject to possible federal and state penalties for failure to comply with any such sex-offender registration requirements.  If defendant resides in Alabama prior to incarceration or following release from prison, he/she will be subject to the registration requirements of Alabama Code §§ 15-20A-1, et seq., 13A-11-200, et seq., and other relevant Alabama law, which includes a registration requirement after a plea of finding of guilt.  The defendant further understands that, under Title 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon defendant's release from confinement following conviction.

## XIV.      DEFENDANT'S ACKNOWLEDGEMENT

I have read and understand the provisions of this plea agreement consisting of **20** pages.  I have discussed the case and my constitutional and other rights with my lawyer.  I am satisfied with my lawyer's representation in this case.  I understand that by pleading guilty, I will be waiving and giving up my right to continue to plead not guilty, to a trial by jury, to the assistance of counsel at that trial, to confront, cross-examine, or compel the attendance of witnesses, to present evidence on my behalf, to maintain my privilege against self-incrimination, and to the presumption of innocence.  I agree to enter my plea as indicated above on the terms and conditions set forth herein.

Defendant's Initials_*CTE*_

**NO PROMISES OR REPRESENTATIONS OTHER THAN THOSE IN THE AGREEMENT HAVE BEEN MADE TO ME BY THE PROSECUTOR, OR BY ANYONE ELSE, NOR HAVE ANY THREATS BEEN MADE OR FORCE USED TO INDUCE ME TO PLEAD GUILTY.**

I further state that I have not had any drugs, medication, or alcohol within the past 48 hours except as stated here: _____

I understand that this plea agreement will take effect and will be binding as to the Parties **only** after all necessary signatures have been affixed hereto.

I have personally and voluntarily placed my initials on every page of this plea agreement and have signed the signature line below to indicate that I have read, understand, and approve all of the provisions of this plea agreement, both individually and as a total binding agreement.


9/22/22
DATE

CHASE TRISTIAN ESPY
Defendant

XV.     **COUNSEL'S ACKNOWLEDGMENT**

I have discussed this case with my client in detail and have advised my client of all of my client's rights and all possible defenses.  My client has conveyed to me that my client understands this plea agreement and consents to all its terms.  I believe the plea and disposition set forth herein are appropriate under the facts of this case

Defendant's Initials _CTE_

and are in accord with my best judgment.  I concur in the entry of the plea agreement

on the terms and conditions set forth herein.

9/22/22
DATE

**KATE BOUNDS**
Defendant's Counsel

## XVI.      GOVERNMENT'S ACKNOWLEDGMENT

I have reviewed this matter and this plea agreement and concur that the plea

and disposition set forth herein are appropriate and are in the interests of justice.

PRIM F. ESCALONA
United States Attorney

9/30/2022
DATE

**R. LEANN WHITE**
Assistant United States Attorney

Oct. 4, 2022
DATE

**JONATHAN S. CROSS**
Assistant United States Attorney

Defendant's Initials CTE